**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PALASH CHANDRA DAS,

Petitioner,

v. No. 2:26-cv-0863-KG-KRS

WARDEN OF OTERO COUNTY
PROCESSING CENTER; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Palash Chandra Das's petition for writ of habeas corpus ("Petition"), filed March 23, 2026. *See* Doc. 1.[1] Petitioner challenges his continued detention without a bond hearing and seeks his immediate release or an individualized bond hearing. Doc. 1 at 5, 8-10, 20-23.

Respondents initially filed a Response to the Petition asserting assert that Das's detention accords with 8 U.S.C. § 1225(b)(2)(A). Doc. at 2-3. Respondents now concede that their position is contrary to binding law from the Tenth Circuit, which ruled that "noncitizens who entered the United States and were thereafter detained in the interior of the Country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026); *see also* Doc. 13. Petitioner subsequently filed two Motions to Expedite. Docs. 15, 16. Respondents do not oppose the requested relief of expedited review. Doc. 16 at 1. The parties have not alerted the Court of any procedural changes regarding Das's detention since the Petition was originally filed. *See* Docket.

[1] This case was recently reassigned to Chief District Judge Kenneth Gonzales. Doc. 14.

Given the recent decision from the Tenth Circuit, the Court concludes § 1226(a) governs Petitioner's detention. Petitioner's detention without a bond hearing constitutes a violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Cortez-Gonzalez v. Noem*, 811 F.Supp.3d 1287, 1298 (D.N.M. 2025) (concluding petitioner detained pursuant to § 1226 was entitled to a bond hearing and continued detention without such review was an ongoing violation of due process rights); *Mieles-Parraga v. Bondi*, No. 2:26-cv-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. March 19, 2026) (ruling petitioner's detention absent a bond hearing violated the Fifth Amendment Procedural Due Process Clause).

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [petitioner] has been taken into custody, cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight (48) hours from this Order's filing) Das from custody.
2. Upon Das's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained. Respondents shall provide a copy of this Order to Das.

3. Respondents must file a status report within five (5) business days of this Order's filing to certify their compliance.
4. If Das is re-detained prior to final order of removal, all applicable regulations and procedures must be followed, including that Das be provided a bond hearing pursuant to § 1226(a).
5. Das's Motions to Expedite, Docs. 15, 16, are hereby denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.